# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 06-CV-0205-CVE-PJC |
| **JAMES B. RAYL,** | ) ) ) ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion and Amended Plaintiff's Motion for Summary Judgment and Memorandum in Support (Dkt. # 8, 9) and The United States of America's Request for Entry of Summary Judgment (Dkt. # 16). Defendant has not responded to the motion for summary judgment and it is deemed confessed pursuant to LCvR 7.2.[1]

Defendant James Rayl requested financial aid to assist with the cost of his education, and his request was approved. On August 26, 1996, he signed a promissory note for $69,226 to secure a loan from Student Loan Marketing Association at 9 percent interest per annum. The loan was guaranteed by Great Lakes Higher Education Corporation ("Great Lakes") and the Department of Education reinsured the loan pursuant to the Higher Education Act, 20 U.S.C. § 1071 et. seq. On February 10, 1998, defendant defaulted on the loan and the lender filed a claim against the guarantor, Great Lakes. As of February 27, 2006, defendant owed a total of $125,355.43, which

---

[1] Defendant also failed to appear at the court-ordered settlement conference on November 16, 2006.

includes principal, interest to that date, and penalties.[2] The United States filed this action to collect unpaid principal and interest based on its guarantee of defendant's student loan debt, as well as costs of $150.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

---

[2] Interest has continued to accrue since February 27, 2006 in the amount of $18.20 per day. Dkt. # 9, Ex. A, Certificate of Indebtedness. Therefore, plaintiff will be entitled to collect an additional $4,968.60 for interest from February 27 to November 27, 2006. Following entry of judgment, plaintiff will no longer be able to collect interest at the rate of interest in the promissory note, but the Court may award post-judgment interest pursuant to 28 U.S.C. § 1961(a). See United States v. Distefano, 279 F.3d 1241, 1245 (10th Cir. 2002).

Even though defendant has failed to respond, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). However, due to defendant's failure to respond, the material facts in plaintiff's motion for summary judgment are deemed admitted. See LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."). The undisputed material facts in the summary judgment record prove the existence of a student loan and defendant's default, which is sufficient for entry of summary judgment in favor of plaintiff. Distefano, 279 F.3d at 1245 (summary judgment in favor of United States appropriate when it produced evidence showing that defendant had not paid off her student loan and defendant failed to rebut this evidence); United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001) (government satisfies its burden to obtain summary judgment in student loan case by showing that defendant signed promissory note and defaulted on the loan); United States v. Olivarrieta, 812 F.2d 640 (11th Cir. 1987) (district court did not err by granting summary judgment against borrower when he admitted that he received student loan funds and signed promissory note). Defendant has failed to respond to plaintiff's motion for summary judgment and, pursuant to local rule, has admitted the existence of a student loan and that he failed repay the balance due on this loan. Therefore, plaintiff has carried its burden and it is entitled to summary judgment on its claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Amended Plaintiff's Motion for Summary Judgment and Memorandum in Support (Dkt. # 8, 9) and The United States of America's Request for Entry of Summary Judgment (Dkt. # 16) are **granted**. A separate judgment is entered herewith.

**DATED** this 27th day of November, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT